**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

ANTONY XAVIER DIAZ ZAVALA      CIVIL ACTION NO. 25-1967 SEC P

VERSUS      JUDGE EDWARDS

PAMELA BONDI ET AL      MAGISTRATE JUDGE PEREZ-MONTES

### <u>ORDER</u>

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (R. Doc. 4) filed by habeas petitioner in this case, Antony Xavier Diaz Zavala ("Petitioner"). Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Motion is **DENIED**.

Petitioner is a citizen of Honduras, *see* R. Doc. 1 at 5, who entered the United States in 2021. *See* R. Doc. 4-1 at 2. On September 25, 2025, Petitioner was detained during a traffic stop. *See id.*; *see also* R. Doc. 1 at 10. He is now in removal proceedings and is detained at the Jena/LaSalle Detention Facility in Jena, Louisiana. *See* R. Doc. 1 at 10. He requested a bond redetermination before an immigration judge and was denied on the basis that the court lacked jurisdiction to grant bond. *See id.* at 11. Petitioner does not have a final order of removal. *See* R. Doc. 4-1 at 1. Now, Petitioner asserts that his removal is imminent, despite the lack of a final order of removal. *See id.* As such, Petitioner seeks emergency relief from this Court enjoining Respondents from removing Petitioner from this Court's jurisdiction, ordering Respondents to release Petitioner, or, in the alternative, requiring Respondents to provide Petitioner with an individualized custody determination. *See id.* at 8.

To obtain a temporary restraining order ("TRO") or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order."). Elements three and four merge "when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435–36 (2009). The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four elements. *Ocean Sky Int'l, LLC v. LIMU Co., LLC*, No. 18-0528, 2019 WL 4724803, at *5 (W.D. La. Sept. 26, 2019).

On the present record, we do not know enough about Petitioner's potential "imminent" removal, the status of his removal proceedings, or any requisite process given or denied him by Respondents, to say that he has a likelihood of success on the merits on his claims. At bottom, entitlement to such extraordinary remedies as those provided under Rule 65, *see Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999), must be "unequivocally show[n]," Su*burban Propane, L.P. v. D & S*

*GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at \*2 (W.D. Tex. May 20, 2025). Given this high bar, the Court must **DENY** Petitioner's Motion.

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents must file a response to Petitioner's habeas Petition by March 2, 2026. Respondents shall file in brief form any summary judgment evidence on what due process has been given Petitioner related to his detention and the status of his removal proceedings.

**IT IS FURTHER ORDERED** that Petitioner may file his reply within three (3) days after the response is filed.

**THUS DONE AND SIGNED** in Chambers this 20th day of February, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**