**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ANTONY XAVIER DIAZ ZAVALA** | **CIVIL DOCKET NO. 1:25-CV-01967**<br>**SECTION P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **PAMELA BONDI ET AL,** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Anthony Xavier Diaz-Zavala ("Diaz-Zavala"), a native and citizen of Honduras. ECF No. 1 at 1, 4. Diaz-Zavala was ordered removed on December 19, 2025 (ECF No. 7 at 2), and he withdrew his appeal on July 16, 2026.[1] According to the sworn declaration of Supervisory Detention and Deportation Officer Ronnie G. Downey, Diaz-Zavala was removed to Honduras on July 25, 2026. ECF No. 13-1 at 1.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy

[1] https://acis.eoir.justice.gov/en/caseInformation

becomes moot, the case must be dismissed for lack of jurisdiction. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Because Diaz-Zavala's has been removed, IT IS ORDERED that the Petition (ECF No. 1) is hereby DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

SIGNED on Thursday, September 24, 2026.

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE